**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jaime HERRERA–RAMOS, Defendant–Appellant.**

**No. 13–10156.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 30, 2013.

Ronald C. Rachow, Assistant U.S., Elizabeth Olson White, Esquire, Assistant U.S., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Ramon Acosta, Assistant Federal Public Defender, FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Jaime Herrera–Ramos appeals from the district court's judgment and challenges the 77–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera–Ramos contends that the district court procedurally erred by failing to consider that he lost the opportunity to benefit from a fast-track plea agreement. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court was aware that the government offered a prior, more favorable plea, and the court provided defense counsel with the opportunity to discuss the specific details of the lost fast-track plea offer. Additionally, to the extent Herrera–Ramos contends that the district court failed to recognize its authority to vary from the Guidelines range, the record does not support this contention.

Herrera–Ramos also contends that the sentence is substantively unreasonable because it is based on a 16–level enhancement under U.S.S.G. § 2L1.2(b), which lacks any empirical basis and results in a disproportionally high sentence. The district court did not abuse its discretion in imposing Herrera–Ramos's sentence. *See*

*Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The bottom-of-the-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Herrera–Ramos's violent criminal history and cultural assimilation. *See id.; see also United States v. Ramirez–Garcia,* 269 F.3d 945, 947–48 (9th Cir.2001) (recognizing the 16–level enhancement reflects Congress's intent to increase penalties for aliens with prior convictions in order to deter others).

Finally, Herrera–Ramos's challenge to the use of the prior conviction to enhance his sentence is foreclosed by *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

